**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

NATIONAL TREASURY EMPLOYEES
UNION (NTEU),
                    *Petitioner,*

            v.

FEDERAL LABOR RELATIONS
AUTHORITY,
                    *Respondent.*

No. 03-74093

FLRA No.
O-NG-2667

OPINION

On Petition for Review of an Order of the
Federal Labor Relations Authority

Argued and Submitted
April 4, 2005—Seattle, Washington

Filed August 12, 2005

Before: Ronald M. Gould, Richard C. Tallman, and
Johnnie B. Rawlinson, Circuit Judges.

Opinion by Judge Gould

10549

**COUNSEL**

Gregory O'Duden, General Counsel, Barbara A. Atkin, Deputy General Counsel, and Julie M. Wilson, Assistant Counsel, Washington, D.C., for the petitioner.

David M. Smith, Solicitor, William R. Tobey, Deputy Solicitor, and David M. Shewchuk, Attorney, Washington, D.C., for the respondent.

## OPINION

GOULD, Circuit Judge:

This petition for review of an order by the Federal Labor Relations Authority (FLRA) arises out of negotiations for a collective bargaining agreement between the National Treasury Employees Union (NTEU) and the Internal Revenue Service. NTEU sought to include in the agreement a provision that would provide compensation to IRS employees who are required to spend extra time commuting from home to a temporary work site within their official duty station. The IRS accepted the provision and approved the agreement.

The Secretary of the Treasury disapproved NTEU's proposed contract provision as contrary to a government-wide regulation defining "hours of work" promulgated by the Office of Personnel Management (OPM). NTEU petitioned the FLRA for review of the Secretary's disapproval. The FLRA denied the petition, concluding that NTEU's proposed contract provision was nonnegotiable because it was contrary to law.

NTEU timely filed a petition for review of the FLRA's order. We have jurisdiction under 5 U.S.C. § 7123(a), and we affirm.

## I

The Federal Service Labor-Management Relations Statute (FSLMRS), 5 U.S.C. §§ 7101-7135 (2000), governs labor relations for federal employees. The statute requires federal agencies to bargain in good faith with its employees over wages. *See Fort Stewart Schs. v. FLRA*, 495 U.S. 641, 644 (1990). Agreements between an agency and its employees are subject to approval by the head of the agency; a provision may be disapproved only if it is not in accordance with appli-

cable law, rule, or regulation. *See* 5 U.S.C. § 7114(c).[1] Employees may challenge an agency head's disapproval through an appeal to the FLRA. *See id.* §§ 7105(a)(2)(E), 7117(c).

In its collective bargaining agreement with the IRS, NTEU sought to include the following provision:

> When an employee travels from his/her residence to a point of destination within his/her official duty station, he/she should not be required to leave home any earlier or arrive home any later than he/she does when he/she travels to and from his/her usual assigned place of business.

The IRS accepted the provision and approved the agreement.

The Secretary of the Treasury, pursuant to 5 U.S.C. § 7114(c), reviewed the agreement and disapproved the language requiring pay for extra commute time as contrary to Part 551 of the OPM regulations, which covers "hours of work."[2]

---

[1]Section 7114(c) provides in part that

(1) An agreement between any agency and an exclusive representative shall be subject to approval by the head of the agency.

(2) The head of the agency shall approve the agreement within 30 days from the date the agreement is executed if the agreement is in accordance with the provisions of this chapter and any other applicable law, rule, or regulation (unless the agency has granted an exception to the provision).

[2]Congress gave OPM the authority to issue government-wide regulations to implement the FSLMRS and the Fair Labor Standards Act (FLSA) of 1938, 29 U.S.C. §§ 201- 219, for federal employees. *See* 5 U.S.C. §§ 1103-1104, 1301-1103; 29 U.S.C. § 204(f).

OPM regulations define the phrase "hours of work" as "all time spent by an employee performing an activity for the benefit of the agency and under the control or direction of the agency." 5 C.F.R. § 551.104. In determining whether time is hours of work, the OPM regulations consider factors including other rules, provisions of law, Comptroller General decisions, agency policy and regulations, and negotiated agreements. *Id.*

The subpart of Part 551 that addresses "Time spent traveling" states:

> An employee who travels from home before the regular workday begins and returns home at the end of the workday is engaged in normal "home to work" travel; *such travel is not hours of work*. When an employee travels directly from home to a temporary duty location outside the limits of his or her official duty station, the time the employee would have spent in normal home to work travel shall be deducted from hours of work . . . .

5 C.F.R. § 551.422(b) (emphasis added). The Secretary determined that NTEU's proposed contract provision was in conflict with the OPM regulation because the provision would require payment for normal "home to work" travel within an employee's official duty station,[3] while the OPM regulation clearly states that "such travel is not hours of work." NTEU petitioned the FLRA for review of the Secretary's disapproval of its proposed contract provision.

In a 2-1 decision, the FLRA dismissed the petition, holding that the provision was nonnegotiable under 5 U.S.C. § 7117(a)(1) because the provision conflicted with 5 C.F.R. § 551.422(b). The majority reasoned that normal "home to work" travel is not compensable under OPM regulations and that binding precedent from the D.C. Circuit in *Department of the Air Force v. Federal Labor Relations Authority*, 952 F.2d 446, 450-51 (D.C. Cir. 1991), established that OPM regulations are mandatory and rule out bargaining by federal employees for compensation in a manner contrary to the regulations. The FLRA majority concluded that

---

[3]The agency can prescribe a "mileage radius of not greater than 50 miles to determine whether an employee's travel is within or outside the limits of the employee's official duty station." 5 C.F.R. § 551.422(d).

> Since the provision . . . would require the Agency to compensate employees for increased commute time to a work site within their official duty station, the provision is inconsistent with 5 C.F.R. § 551.422(b). Moreover, and consistent with *Dep't of the AF*, we find that if OPM had meant for such activity to be compensable through negotiation under the FLSA, "it would have had to affirmatively grant that right in [Part 551] or other regulations in order not to run afoul of § 7117 of [the Statute] and its designation as nonnegotiable any proposal inconsistent with government-wide regulations . . . ."

(quoting *Dep't of the Air Force*, 952 F.2d at 451) (alterations in original).

The dissent saw no conflict between the provision and the OPM regulation because the regulation neither mandates nor prohibits pay for "work to home" travel. In the dissent's view, the statutory context in which the OPM issued the regulation and Congress's intent to support collective bargaining suggested that the contract provision was consistent with § 551.422(b), which establishes only a minimum rule that "home to work travel . . . is not hours of work" that can be modified by negotiated agreement. The dissent distinguished *Department of the Air Force* as addressing a different OPM regulation, 5 C.F.R. § 551.412(b),[4] which includes "categorical" language critical to the D.C. Circuit's holding.

---

[4]The regulation addressed by the D.C. Circuit in *Department of the Air Force* provided that

> A . . . concluding activity that is not closely related to the performance of [an employee's] principal activities is considered a . . . postliminary activity. Time spent in . . . postliminary activities is *excluded from hours of work and is not compensable*, even if it occurs between periods of activity that are compensable as hours of work.

5 C.F.R. § 551.412(b)(2) (emphasis added) (alterations in the original); *Dep't of the Air Force*, 952 F.2d at 448.

NTEU timely petitioned for review of the FLRA's decision.

## II

We must decide whether the FLRA erred in holding that NTEU's proposed contract provision conflicts with the OPM government-wide regulation defining hours of work.[5] The parties agree on the operative meaning of the proposed contract provision. The contractual language would provide compensation for extra time spend commuting from home to a temporary work site within an employee's official duty station.

[1] We have determined that the "plain meaning of a regulation governs." *Wards Cove Packing Corp. v. Nat'l Marine Fisheries Serv.*, 307 F.3d 1214, 1219 (9th Cir. 2002). The regulation at issue here states that "[a]n employee who travels from home before the regular workday begins and returns home at the end of the workday is engaged in normal 'home

---

[5]We review FLRA decisions under the same standard set forth in the Administrative Procedure Act. *See* 5 U.S.C. § 7123 (providing for judicial review of FLRA decisions and incorporating the APA's standard of review). Thus, we will set aside only FLRA decisions that are "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with the law." 5 U.S.C. § 706(2)(A); *see also Dep't of Veterans Affairs Med. Ctr. v. FLRA*, 16 F.3d 1526, 1529 (9th Cir. 1994).

We generally accord deference to FLRA interpretations of union proposals and negotiability issues. *See Defense Language Inst. v. FLRA*, 767 F.2d 1398, 1401 (9th Cir. 1985); *see also Nat'l Treasury Employees Union v. FLRA*, 30 F.3d 1510, 1514 (D.C. Cir. 1994). However, when the FLRA interprets a statute or regulation that it does not administer, as is the case here, we review de novo the FLRA's decision. *See Dep't of the Interior v. FLRA*, 279 F.3d 762, 765 (9th Cir. 2002); *see also Dep't of the Air Force*, 952 F.2d at 450 ("Deference to the FLRA is especially inappropriate here because Congress specifically delegated to the OPM the authority 'to administer' the FLSA's provisions on payment of overtime for postshift activity. The Authority's interpretation of [5 C.F.R.] § 551.412(b) is . . . subject to *de novo* review." (internal citations omitted)).

to work' travel; such travel is not hours of work." 5 C.F.R. § 551.422(b). In our view, the plain meaning of this regulation excludes "normal home to work travel," defined as an employee's travel from his or her home to a location within the limits of his or her official duty station, from being considered hours of work.[6] Because NTEU's proposed contract provision would require the IRS to compensate its employees for their travel from home to a location within the limits of their official duty station, we hold that the provision conflicts with OPM regulations and the FLRA properly dismissed NTEU's petition for review.

NTEU argues that the contract provision is not in conflict with OPM regulations because those regulations establish only minimum entitlements under the FLSA that may be modified by negotiated agreement. *See* 5 C.F.R. § 551.401(d) ("Time that is considered hours of work under this part shall be used only to determine an employee's entitlement to minimum wages or overtime pay under the [FLSA]."). We disagree. Although the FLSA sets out minimal entitlements to pay and the Portal-to-Portal Act's amendments[7] leave open the possibility that, in the case of private employees, a collective bargaining provision may provide for more pay, the government employee is in a different situation. *See Dep't of the Air Force*, 952 F.2d at 451.

**[2]** The FSLMRS "governs collective bargaining between government employees and government agencies," and explicitly "bars negotiation over provisions that are inconsis-

---

[6]When an employee travels from home to a temporary duty location outside the limits of his or her official duty station, OPM regulations allow a government agency to pay the employee for the travel time in excess of the time the employee would have spent in normal home to work travel. *See* 5 C.F.R. § 551.422(b).

[7]The Portal-to-Portal Act of 1947, 29 U.S.C. §§ 251-262, provides that private employers are not required to pay their employees for time spent traveling from home to work, *see id.* § 254(a), but that such travel time may be made compensable by contract, *id.* § 254(b)(1).

tent with government-wide regulations." *Id.*; *see* 5 U.S.C. §§ 7101, 7117. Congress has given the OPM the authority to make government-wide regulations under the FSLMRS, and the OPM has said that time spent traveling from home to a location within an employee's official duty station is not hours of work. *See* 5 C.F.R. § 551.422(b). NTEU's negotiated provision would require compensation for such travel time, and the provision is therefore inconsistent with § 551.422(b) and nonnegotiable under the FSLMRS.[8] *See Dep't of the Air Force*, 952 F.2d at 452.

NTEU argues that *Department of the Air Force* is distinguishable because the D.C. Circuit was interpreting 5 C.F.R. § 551.412(b), a different subpart of the OPM regulations on hours of work that contains materially different language.[9] We are not persuaded.

**[3]** The OPM regulations designate certain time as "hours of work" to determine whether a federal employee is entitled to wages or overtime pay. *See* 5 C.F.R. §§ 551.104,

---

[8]A contrary rule would allow agencies to compensate commute time, and, by logical extension, other personal time. As a general matter, to compensate workers for personal time does not appear to be a correct practice for a responsible government. By comparison, normal home to work travel is considered personal time and, for example, is not tax deductible. *See, e.g.*, *Sanders v. Commissioner*, 439 F.2d 296 (9th Cir. 1971) ("A taxpayer's cost of commuting or driving to work is not a deductible business expense . . . but rather is a non-deductible personal expenses[.]") (citing *Commissioner v. Flowers*, 326 U.S. 465 (1946); *Smith v. Warren*, 388 F.2d 671 (9th Cir. 1968); Treas. Reg. §§ 1.62-1(g); 1.162-2(e); 1.262-1(b)(5)). But even if it were correct in any case to compensate for personal time, the proposed compensation for commute time at issue here conflicts squarely with the government-wide regulation of 5 C.F.R. § 551.422(b), which characterizes commute time as not being hours of work.

[9]The regulation we address states that "such travel is not hours of work," whereas the regulation that the D.C. Circuit addressed states that certain time "is excluded from hours of work and is not compensable." *Compare* 5 C.F.R. § 551.422(b), *with id.* § 551.412(b).

551.401(d). Thus, the absence of additional language stating that certain time is also "not compensable" is immaterial. *See* Federal Pay Administration Under the Fair Labor Standards Act, 45 Fed. Reg. 85,660 (Dec. 30, 1980) ("These regulations . . . provide definitions, rules, and guidelines by which determinations are to be made as to what time constitutes 'hours of work,' and, therefore, as to what time is compensable.").[10] Accordingly, we find persuasive, and we adopt, the D.C. Circuit's holding that if the OPM intends activity that is not "hours of work" to be compensable through negotiation, it must "affirmatively grant that right" in Part 551 or other regulations "in order not to run afoul of § 7117 of the FSLMRS and its designation as nonnegotiable any proposal inconsistent with government-wide regulations." *Dep't of the Air Force*, 952 F.2d at 451. Because the OPM has not granted unions the right to negotiate for compensation for normal home to work travel, the Secretary of the Treasury properly disapproved of NTEU's provision, and the FLRA properly dismissed NTEU's petition.

## III

We hold that NTEU's proposed contract provision that would compensate IRS employees for their travel from home to a location within their official duty station conflicts with

---

[10]Our conclusion is bolstered by Federal Personnel Manual (FPM) Letter 551-11, which provides additional guidance from the United States Civil Service Commission on whether travel time is "hours of work." The FPM letter provides:

> As a general rule, an employee's home to work travel . . . to a job site *within* the limits of the official duty station . . . shall *not* be considered compensable hours worked. For instance, if an employee travels directly from his/her home to a job site located within the official duty station in lieu of reporting to his/her normal duty location, this is considered normal home to work travel and is *not* compensable under the FLSA.

U.S. Civil Serv. Comm'n, Fed. Personnel Manual System Letter 551-11 att. C (Oct. 4, 1977).

government-wide OPM regulations defining hours of work. Because the provision is discordant with applicable regulations, the FLRA correctly dismissed NTEU's petition for review.

**PETITION DENIED.**