T.C. Memo. 2013-240

UNITED STATES TAX COURT

WILLIAM L. COR AND JANA K. COR, Petitioners v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 10202-12.                    Filed October 22, 2013.

William L. Cor and Jana K. Cor, pro sese.

Steven I. Josephy, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

COHEN, Judge:  Respondent determined a $13,282 deficiency in petitioners' Federal income tax for 2010 and a $2,656.40 section 6662(a) penalty. After concessions, the issues for decision are whether petitioners are entitled to itemized deductions beyond those respondent conceded and whether they are

[*2] liable for the accuracy-related penalty. Unless otherwise indicated, all section references are to the Internal Revenue Code in effect for the year in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

FINDINGS OF FACT

Some of the facts have been stipulated, and the stipulated facts are incorporated in our findings by this reference. Petitioners resided in Nevada when they filed their petition.

William Cor (petitioner) is a mechanical engineer and was employed by National Security Tech, LLC (National Security) during the years 2008 through 2010. National Security hired petitioner to work at a remote test site called JASPER (JASPER site), in the Nevada desert. Direct public transportation to the JASPER site was unavailable, and petitioner commuted by car. Petitioner calculated that his commute from petitioners' residence in North Las Vegas to work and back was approximately 160 miles a day, four days a week. Petitioner kept no log or records of the expenses of his commute.

On their 2010 joint Federal income tax return, petitioners reported adjusted gross income of $120,502, itemized deductions of $51,053, and total tax of $3,223. On their Schedule A, Itemized Deductions, petitioners reported gifts to charity of $14,657 and unreimbursed employee expenses of $29,457. The

**[*3]** reported employee expenses consisted primarily of commuting costs. Petitioners included, as an expense, $150 per commute day for the three hours that petitioner spent commuting.

Petitioners also attached to their return two Schedules C, Profit or Loss From Business: one for "Mechanical Oasis", an activity that reported no income but claimed expense deductions of $16,250; and the other for "Jana's Home School", an activity that provided the home-schooling of petitioners' four children and that also reported no income but claimed expense deductions of $2,655.

In the statutory notice, the Internal Revenue Service disallowed the entire amount of itemized deductions and, as a result, used a standard deduction of $11,400 to calculate petitioners' tax liability. During trial preparation, petitioners provided written acknowledgments of charitable contributions totaling $2,937, which respondent allowed along with paid home mortgage interest and real estate taxes deductions of $7,694 and $1,655, respectively--for a total allowed itemized deductions of $12,286. Petitioners produced an unsigned document to establish an alleged contribution of $6,830, but this document does not have petitioners' names on it, does not bear any address or employer identification number of a qualified donee, and does not state whether the donee provided any consideration in return for the donation, as required by section 170 and its related regulations.

**[*4]** Respondent was unable to verify this incomplete document because petitioners refused to provide contact information for the donee. Petitioners conceded that they were not entitled to any Schedule C deductions for either Mechanical Oasis or Jana's Home School.

## OPINION

Petitioners bear the burden of proving that respondent's determinations are erroneous. Rule 142(a); INDOPCO, Inc. v. Commissioner, 503 U.S. 79, 84 (1992); Rockwell v. Commissioner, 512 F.2d 882, 886 (9th Cir. 1975), aff'g T.C. Memo. 1972-133. This burden includes substantiating the amounts of deductions claimed. Hradesky v. Commissioner, 65 T.C. 87, 90 (1975), aff'd per curiam, 540 F.2d 821 (5th Cir. 1976). Generally, a taxpayer must keep records sufficient to establish the amounts of the items reported on his or her Federal income tax return. Sec. 6001; sec. 1.6001-1(a), (e), Income Tax Regs.

Unreimbursed Employee Business Expenses Deduction

A taxpayer who is an employee may deduct unreimbursed employee expenses as an ordinary and necessary business expense under section 162. Sec. 162(a)(2); Lucas v. Commissioner, 79 T.C. 1, 6 (1982). However, personal expenses are not deductible. Sec. 262. In general, the cost of daily commuting to and from work is a personal expense and therefore not deductible. See

**[\*5]** <u>Commissioner v. Flowers</u>, 326 U.S. 465, 473-474 (1946); sec. 1.162-2(e),

Income Tax Regs.; <u>see also</u> secs. 1.212-1(f), 1.262-1(b)(5), Income Tax Regs.

Petitioners argue that petitioner's commute is atypical in regard to the remoteness

of the JASPER site and because no public transportation was available. As a

result, petitioner endured a more costly and much longer than average commute in

both mileage and time. Relying on these grounds, petitioners reason that they

should be allowed to adjust their taxable income to recoup petitioner's commuting

costs. Petitioners' arguments are contrary to established law and are not

persuasive.

Coombs v. Commissioner, 67 T.C. 426 (1976), <u>aff'd in part, rev'd in part on</u>

<u>other grounds</u>, 608 F.2d 1269 (9th Cir. 1979), involved several taxpayers with

circumstances very similar to petitioners', i.e., they were employed at test sites in

the same remote area of Nevada, and they commuted to work from their residences

in and around Las Vegas--some taxpayers driving as much as 200 miles daily.

The taxpayers in <u>Coombs</u> argued that their greater commutes were exceptional

compared to "ordinary commuting" and, accordingly, that they should not be held

to the general rule that expenses of commuting are personal and nondeductible.

<u>Id.</u> at 473. The Court held then--as we do here--that "[t]ravel expenses which arise

from going to and from work on a daily basis are not ordinary business expenses

**[\*6]** deductible under section 162(a)(2) regardless of the distance traveled or the availability of housing at or near the work site." Id. at 477.

While there are possible exceptions to the general rule, such as commuting to a distant worksite for a temporary assignment, petitioners do not argue, and the record does not reflect, any recognized exception under these facts. See generally Rev. Rul. 190, 1953-2 C.B. 303 (explaining the temporary distant worksite exception).

Additionally, petitioners claim that the Government benefited from petitioner's unpaid time of the long commute, thus justifying their need to charge $50 an hour for travel time as an expense. Petitioners, however, did not pay or incur any out-of-pocket cost for this time. If petitioner were compensated for this time, he would have to report the same amount as income, which he did not. Moreover, because commuting is inherently personal and because personal expenses are not deductible, then logically, expenses derived from the time, as well as the travel, of a commute are not deductible. See, e.g., Nat'l Treasury Employees Union (NTEU) v. Fed. Labor Relations Auth., 418 F.3d 1068, 1072 n.8 (9th Cir. 2005) ("[N]ormal home to work travel is considered personal time and * * * is not tax deductible."). Petitioners are not entitled to their claimed unreimbursed employee business expenses deduction.

**[*7]** <u>Charitable Contribution Deduction</u>

Section 170(a)(1) allows a deduction for contributions to charitable organizations defined in section 170(c). Section 170(f)(8) provides substantiation requirements for certain charitable contributions. Specifically, section 170(f)(8)(A) provides: "No deduction shall be allowed * * * for any contribution of $250 or more unless the taxpayer substantiates the contribution by a contemporaneous written acknowledgment of the contribution by the donee organization that meets the requirements of subparagraph (B)." For donations of money, the donee's written acknowledgment must state the amount contributed, indicate whether the donee organization provided any goods or services in consideration for the contribution, and provide a description and good faith estimate of the value of any goods or services provided by the donee organization. <u>See</u> sec. 170(f)(8)(B); sec. 1.170A-13(f)(2), Income Tax Regs.

Respondent conceded that petitioners are entitled to a charitable contribution deduction of $2,937 but disallowed the remainder. Petitioners did not substantiate any other deductible amounts. Petitioners have not satisfied the requirements of section 170 and are not entitled to a charitable contribution deduction beyond what respondent conceded.

**[*8]** Accuracy-Related Penalty

Section 6662(a) and (b)(1) and (2) imposes a 20% accuracy-related penalty on any underpayment of Federal income tax attributable to a taxpayer's negligence or disregard of rules or regulations or substantial understatement of income tax. Respondent has the burden of production with respect to the accuracy-related penalty on the ground of negligence or, alternatively, substantial understatement of income tax. See sec. 7491(c); Higbee v. Commissioner, 116 T.C. 438, 446-447 (2001). Section 6662(c) defines negligence as including any failure to make a reasonable attempt to comply with the provisions of the Code and defines disregard as any careless, reckless, or intentional disregard. Disregard of rules or regulations is careless if the taxpayer does not exercise reasonable diligence to determine the correctness of a return position that is contrary to the rule or regulation. Sec. 1.6662-3(b)(2), Income Tax Regs.

Petitioners deducted personal expenses as employee business expenses and failed to maintain records to substantiate all of their reported charitable contributions for 2010. Petitioners have conceded erroneous deductions claimed on Schedules C that appear to be personal. Claiming personal expenses as business expense deductions and failing to maintain records substantiating any potentially valid deductions constitute negligence for purposes of section 6662(a)

**[*9]** and (b)(1).  See Higbee v. Commissioner, 116 T.C. at 449; sec. 1.6662-3(b)(1), Income Tax Regs.  Respondent has satisfied the burden of production.

Once the Commissioner has met the burden of production, the taxpayers must come forward with persuasive evidence that the penalty is inappropriate because they acted with reasonable cause and in good faith.  Sec. 6664(c)(1); Higbee v. Commissioner, 116 T.C. at 448-449.  The decision as to whether taxpayers acted with reasonable cause and in good faith is made on a case-by-case basis, taking into account all of the pertinent facts and circumstances.  See sec. 1.6664-4(b)(1), Income Tax Regs.  The most important factor is the extent of the taxpayers' effort to assess their proper tax liability.  Id.

Petitioners do not address the reasonable cause and good faith defense to the section 6662(a) penalty.  Petitioners simply assert that they are entitled to their claimed deductions and that they have done their best to pay their taxes throughout their careers.  We conclude that petitioners have failed to satisfy their burden of proving that they are not liable for the section 6662(a) penalty.  Because the penalty is sustained on the ground of negligence, we need not consider whether respondent has proven that there is a substantial understatement of income tax on the 2010 tax return.

**[\*10]** In reaching our decision, we have considered all arguments made, and, to the extent not mentioned, we conclude that they are moot, irrelevant, or without merit.

To reflect the foregoing,

<u>Decision will be entered</u>

<u>under Rule 155</u>.