**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

SEP 19 2018

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| L. H. HAGGERTY, | No. 18-15470 |
| Plaintiff-Appellant, | D.C. No. 2:17-cv-01412-JCM-VCF |
| v. | |
| KEOLIS TRANSIT NORTH AMERICA, INC.; AMALGAMATED TRANSIT UNION LOCAL 1637, AFL-CIO, | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the District of Nevada
James C. Mahan, District Judge, Presiding

Submitted September 12, 2018[**]

Before:     LEAVY, HAWKINS, and TALLMAN, Circuit Judges.

L. H. Haggerty appeals pro se from the district court's judgment dismissing

his action alleging federal and state law claims arising from the termination of his

employment.  We have jurisdiction under 28 U.S.C. § 1291.  We review de novo a

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

dismissal under Fed. R. Civ. P. 12(b)(6). *Kwan v. SanMedica Int'l*, 854 F.3d 1088, 1093 (9th Cir. 2017). We affirm.

The district court properly dismissed Haggerty's 42 U.S.C. § 1983 claims because defendants are not state actors. *See West v. Akins*, 487 U.S. 42, 48 (1988) ("To state a claim under § 1983, a plaintiff must . . . show that the alleged deprivation was committed by a person acting under color of state law."); *Rendell–Baker v. Kohn*, 457 U.S. 830, 842 (1982) ("[T]he question is whether the function performed has been traditionally the *exclusive* prerogative of the State." (citation and internal quotation marks omitted)).

The district court properly dismissed Haggerty's claim under the Federal Service Labor-Management Relations Statute ("FSLMRS") because the statute does not apply to employees of private entities. *See Nat'l Treasury Emps. Union (NTEU) v. FLRA*, 418 F.3d 1068, 1069 (9th Cir. 2005) (the FSLMRS "governs labor relations for federal employees"); *see also* 5 U.S.C. § 7103(a)(2) (defining "employee" under the FSLMRS).

The district court properly dismissed Haggerty's claim under Nevada law regarding provision of his employment records because Haggerty failed to allege facts sufficient to state a claim. *See* Nev. Rev. Stat. § 613.075 (requiring employers or "any labor organization referring a person to an employer for employment" to furnish a copy of employment records to a terminated employee if

18-15470

requested by the employee within 60 days after termination).

To the extent Haggerty contends that the district court erred by failing to conduct a hearing on the motions to dismiss, we reject the contention as without merit. *See* Fed. R. Civ. P. 78(b) ("By rule or order, the court may provide for submitting and determining motions on briefs, without oral hearings.").

We do not consider matters not specifically and distinctly raised and argued in the opening brief. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

**AFFIRMED.**

18-15470